# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION



| | | |
|---|---|---|
| Johnnie Paige, | : | Case No. 1:07CV0969 |
| Petitioner | : | Judge Dan Aaron Polster |
| v. | : | Magistrate Judge David S. Perelman |
| Ernie Moore, Warden, | : | **REPORT AND RECOMMENDED DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his May 12, 2006 conviction pursuant to pleas of guilty to two counts of rape upon which he is currently serving aggregate sentences of twenty years incarceration with five years of post-release control in each of two cases.[1]

No direct appeal was taken from the convictions.

On September 14, 2006, 91 days after the appeal period expired, petitioner filed a pro se notice of appeal and motion for leave to file a delayed direct appeal, without articulating a proposed

---

[1] Petitioner had been charged in Case No. CR-469928 with six counts of rape, each with sexually violent predator specifications; and one count of kidnapping, two counts of felonious assault, and two counts of aggravated burglary, each with sexual motivation and sexually violent predator specifications. In the second case, Case No. CR-473330, petitioner was charged with three counts of rape, each with sexually violent predator specifications, a one-year firearm specification, and a three-year firearm specification; one count of kidnapping, with a sexual motivation specification, a one-year firearm specification, and a three-year firearm specification; one count of aggravated robbery, a one-year firearm specification, and a three-year firearm specification; and one count of having a weapon while under a disability.

1

AO 72A
(Rev. 8/82)

claim in the event his motion was granted. On September 25, 2006 the petitioner supplemented his argument in support of the foregoing motion, claiming that the trial court had failed to advise him of the right to appeal. The appellate court rejected petitioner's arguments on October 13, 2006, holding "There is no appeal from an agreed sentence." Petitioner's untimely motion for reconsideration of that decision was also denied on November 6, 2006.

On December 12, 2006 petitioner, represented by new counsel, filed a motion for delayed appeal in the state supreme court from the October 13th ruling. His counsel argued that petitioner was "never informed of his appellate rights and was not appointed counsel until September 21, 2006[,]" which precluded him from briefing his issues on appeal. Other issues proposed in the motion were the voluntariness of the guilty plea, whether an appeal is permitted after a plea agreement with agreed sentence, and whether trial counsel was constitutionally ineffective during the plea proceedings in addressing petitioner's mental state. The supreme court denied petitioner's motion for delayed appeal on January 24, 2007, and no further appeal was taken.

On March 15, 2007 petitioner filed a pro se petition for post-conviction relief from judgment in which he alleged that his sentencing violated his Sixth and Fourteenth Amendment rights, citing Blakely v. Washington, 542 U.S. 296 (2004). Shortly thereafter, on April 16, 2007 petitioner filed a motion to dismiss the petition for post-conviction relief without explanation. The trial court considered the motion as seeking to withdraw the petition for post-conviction relief, which it granted on April 25, 2007.

On March 21, 2007 the petitioner filed the instant petition in which he raises the following three claims for relief:

    **A. GROUND ONE:** Petitioner's sentences are void as violating

2

the 14th Amendment's due process provision as being ex post facto.

**Supporting FACTS:** At the time the crime occurred, Ohio law mandated that the Petitioner be sentenced to the maximum minimum sentence per Ohio Revised Code §2929.14(B). The Ohio Supreme Court's subsequent judicial enlargement of this statute violates the 14th Amendment of U.S. Constitution as being ex post facto. See, *State v. Foster*, [2006], 109 Ohio St.3d 1, 845 N.E.2d 740.

**B. GROUND TWO:** Denial of effective assistance of trial counsel.

**Supporting FACTS:** Trial counsel failed to advise the court that the petitioner was suffering from mental and emotional issue and that petitioner did not fully understand his guilty plea, and that his sentence should have been reduced and he allowed to appeal.

**C. GROUND THREE:** Right to procedural due process denied where sentences were similar imports and allied offenses.

**Supporting FACTS:** State court sentenced the petitioner without reviewing the records of his mental health prior to sentencing.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The respondent argues at the outset that petitioner's first and third claims for relief are barred from this Court's consideration in light of the fact that they have not been presented in the state courts. He also argues that petitioner's second claim for relief was procedurally defaulted when the state supreme court denied leave for petitioner to file a delayed appeal.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a

3

defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Under the exhaustion doctrine a petitioner must "fairly present" each federal constitutional claim to the state courts before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27 (2004); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.3d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001). Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004). It is not enough to present the facts giving rise to the federal claim raised in habeas corpus; a petitioner must present the same legal theory to the state courts as is presented to the federal courts in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). Even if a claim is related, but distinct, the claim is nonetheless defaulted. Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

In addition, merely "mak[ing] a general appeal to a constitutional guarantee as broad as due

4

process to present the 'substance' of such a claim to a state court[,]" does not sufficiently apprise the state court of a specific federal constitutional guarantee so as to exhaust the claim. Gray v. Netherland, supra at 162-63, citing Picard v. Connor, 404 U.S. 270, 271 (1971) and Anderson v. Harless, 459 U.S. 4, 7 (1982). For example, use of the term "ineffective assistance" also fails to alert the state courts of the federal nature of a claim. Baldwin v. Reese, supra.

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and where petitioner would be barred from pursuing relief on that claim in the state courts, the petition should not be dismissed for failure of exhaustion in light of the fact that there would be no available state remedies to exhaust. Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

In determining whether a state remedy exists, a criminal defendant who was represented by counsel at trial, then new counsel on direct appeal, may only raise claims under Ohio's post-conviction statute which could not have been raised on direct appeal, such as those which rely on evidence outside the record. Rust v. Zent, supra at 160; Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991). In other words, under a longstanding Ohio procedural rule, a claim which could have been but was not raised on direct appeal by one who was represented by counsel would be barred from being raised in a delayed appeal or in a petition for post-conviction relief. See, Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1978). However, the petitioner must then demonstrate cause for failure to fairly present the claims to the state courts and actual prejudice to petitioner's defense at trial or on appeal. Gray v. Netherland, supra at 162; Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Deitz v. Money, 391 F.3d 84, 808 (6th Cir. 2004).

This Court agrees with the assertion of respondent that the petitioner has not presented the

first and third claims for relief to any state court. Petitioner would be barred from pursuing relief on these claims in the state courts in light of the fact that he could have raised them to the state courts either on appeal or at the first available opportunity to do so, but did not, and now he would be barred by res judicata from doing so. Petitioner having offered no evidence of cause for such default or prejudice arising therefrom, those claims should not be considered in these proceedings.

Respondent also argues that petitioner's second claim for relief is procedurally barred by reason of the fact that the state supreme court denied leave to file a delayed appeal which included this issue.

A claim is deemed exhausted even if it has not been presented to the state's highest court when the petitioner is foreclosed from raising it in that forum either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it. When a petitioner fails to appeal a claim to a state's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Under this standard of review a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." Id. at 84.

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four-part test for determining whether a habeas petitioner's claim is procedurally defaulted by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether the state court enforced the sanction for failure to comply. If so, it must next be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for

barring review of the federal constitutional claim. If all these questions are answered in the affirmative, the petitioner must satisfy the requirements set forth in Wainwright v. Sykes, 433 U.S. 72, 138 (1977) that he demonstrate cause for having failed to follow the procedural rule in question and that he was actually prejudiced by the alleged constitutional error. Greer v. Mitchell, 264 F.3d 663, 672-73 (6th Cir. 2001), cert. denied, 535 U.S. 940 (2002); Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986). Accord, Lancaster v. Adams, supra at 436.

In the present case there is a question as to whether petitioner's second claim for relief has been procedurally defaulted in light of the refusal of the state supreme court to grant petitioner's motion for leave to file a delayed appeal.

Rule II, Section 2(A)(4) of the Rules of Practice of the Ohio Supreme Court provides for the filing of a motion for delayed appeal along with notice of appeal, where a criminal defendant has failed to file a timely appeal to that court from a decision of the lower appellate court. That motion is only to include the reasons for delay, with the actual appeal issues only being presented upon the supreme court's granting such motion. A denial of a motion for delayed appeal is premised solely upon the reasons for delay and, therefore, is a decision based upon procedural default and not upon merits review. The Maupin factors have been satisfied as the rule requiring timely filing is a state procedural rule with which the petitioner failed to comply, the supreme court enforced the rule, and failure to comply with that rule constitutes an adequate and independent ground for barring review of the federal constitutional claim. As such, petitioner has procedurally defaulted this claim for relief. Barkely v. Konteh, 240 F.Supp.2d 708 (N.D.Ohio 2002).

In light of the fact that this issue was procedurally defaulted in the state supreme court, and petitioner having failed to satisfy his burden of demonstrating cause for the procedural default and

7

actual prejudice deriving therefrom, this claim for relief is barred from consideration upon habeas corpus.

Procedural issues aside, the petition is subject to dismissal for failure to raise issues cognizable in habeas corpus in light of the fact that, having entered negotiated pleas of guilty to the charges against him at trial, petitioner is limited to challenging his pleas and not the sentences imposed.

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." Boykin v. Alabama, 395 U.S. 238, 242 (1969). Due to the impact of such a plea on a defendant's constitutional rights, a federal court on habeas corpus review may only overturn a conviction based upon a guilty plea if it is found that the plea violated a petitioner's constitutional right to due process. Brady v. United States, 397 U.S. 742, 747 (1970).

It is manifest that a plea of guilty or no contest is invalid unless it is entered by a defendant knowingly, intelligently and voluntarily, without coercion. Bousley v. United States, 523 U.S. 614, 618 (1998); Brady v. United States, supra at 747; Boykin v. Alabama, supra at 242; Stumpf v. Mitchell, 367 F.3d 594, 600 (6th Cir. 2004), vacated in part on other grounds by Bradshaw v. Stumpf, 545 U.S. 175 (2005). In order to withstand a post-conviction challenge to the voluntariness of the plea, the record must be clear as to the voluntariness. Boykin v. Alabama, supra at 242.

In a federal habeas corpus proceeding in which a petitioner challenges the validity of a guilty plea, it is the duty of the respondent to demonstrate that the guilty plea was entered knowingly, intelligently and voluntarily, which is typically accomplished by submission of a

8

presumptively correct plea proceeding transcript. Stumpf v. Mitchell, supra at 600, citing Garcia v. Johnson, 991 F.2d 324, 326 (6th Cir. 1993). The totality of the circumstances surrounding the entry of a plea must show that the plea was not coerced by threats or misrepresentations and that the defendant was informed of all the direct consequences of the plea, Brady v. United States, supra at 755; Stumpf v. Mitchell, supra at 609, including potential maximum sentences, King v. Dutton, 17 F.3d 151, 154 (6th Cir. 1994), as well as mandatory minimum sentences, United States v. Stubbs, 279 F.3d 402, 412 (6th Cir. 2002), vacated on other grounds, 530 U.S. 1104 (2005). A ruling by a state court upholding the validity of the guilty plea is presumed correct, unless there is a showing that the plea proceeding transcript is somehow inadequate to demonstrate that the plea was entered knowingly, intelligently and voluntarily. Stumpf v. Mitchell, supra at 600, citing Garcia, supra at 326-27.

Mere post hoc claims of a petitioner that a plea agreement was different than what appeared on the record cannot, standing alone, overcome the presumption that the guilty plea was valid, the rationale being:

> If we were to rely on [the defendant]'s alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statement during the plea colloquy...indicating the opposite.

Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999), cert. denied, 528 U.S. 847 (1999).

Once a defendant consents to a sentence as part of a plea agreement and then the court imposes the bargained-for sentence, the right to challenge the sentence on appeal or collateral review is lost. Stevenson v. Lafler, 2007 U.S.Dist. LEXIS 58540, *6 (E.Dist.Mich. 2007), citing

9

Drumm v. Warren, Case No. 05-CV-40037-FL, 2005 U.S.Dist. LEXIS 43021 (E.D.Mich. November 18, 2005) ("A defendant who consents to a certain sentence in a plea agreement and receives the sentence that he bargained for waives the right to challenge that sentence on appeal or collateral review.") Even where a sentence recommended by the parties as part of a plea agreement is rejected by the court and a longer sentence is imposed, that change in sentence is not sufficient to render the plea fundamentally unfair. Carwile v. Smith, 874 F.2d 382, 385 (6th Cir. 1998).

Turning to the present case, instead of challenging the voluntariness of his guilty plea, as he must in order to present a cognizable claim in habeas corpus after having entered such a plea, in his first and third claims for relief petitioner challenges the sentences imposed by the trial court, and in his second claim for relief, his assertions of ineffective assistance of appellate counsel rely on counsel's alleged failure to argue that the representation by trial counsel had been constitutionally defective for failing to object to the sentences imposed upon petitioner. He makes these claims despite the fact that he agreed to enter his pleas of guilty in exchange for the prosecution's commitment to dismiss seven counts of rape, two counts of kidnapping, two counts of felonious assault, two counts of aggravated burglary, one count of aggravated robbery, and one count of having a weapon while under a disability, all of which included specifications, and to recommend an agreed sentence of an aggregate term of 20 years incarceration. The guilty plea hearing transcript shows clearly that petitioner was fully and properly informed and repeatedly agreed to the terms of his plea agreement, including the sentence to be imposed. Having failed to properly challenge his guilty plea, under the authorities cited above petitioner has failed to state a claim for relief cognizable in habeas corpus.

As a consequence of the foregoing, it is recommended that the petition be dismissed without further proceedings.

DAVID S. PERELMAN
United States Magistrate Judge

DATE: February 21, 2008

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

AO 72A
(Rev. 8/82)