**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHNNIE PAIGE,** | ) | **Case No. 1:07 CV 969** |
| | ) | |
| **Petitioner,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **ERNIE MOORE, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

Before the Court is the Report and Recommended Decision of Magistrate Judge David S. Perelman issued on February 21, 2008 ("R&R") (**ECF No. 7**). The Magistrate Judge recommends that the Court dismiss the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Johnnie Paige (**ECF No. 1**). Paige is presently serving a stipulated aggregate prison term of twenty years pursuant to a plea agreement in which he pled guilty to two (of nine) counts of rape.

Paige argues that his sentences violate the *ex post facto* doctrine, and that they should have been merged because the convictions upon which they were based constitute allied offenses of similar import. The Magistrate Judge recommends dismissal of these claims because Paige has not raised these issues in state court, he would be barred by *res judicata* from raising them now, and he has not bothered to show cause for the procedural default or prejudice arising therefrom.

Paige also argues that his trial counsel was constitutionally ineffective for failing to object to these alleged unlawful sentences.  The Magistrate Judge points out that Paige agreed to enter his guilty pleas in exchange for the prosecution's dismissal of seven counts of rape, two counts of kidnapping, two counts of felonious assault, two counts of aggravated burglary, one count of aggravated robbery, and one count of having a weapon while under a disability, all of which included specifications.  Moreover, the plea hearing transcript shows that Paige was fully and properly informed and repeatedly agreed to the terms of his plea agreement, including the aggregate twenty-year sentence.  Because this remaining claim does not attack the voluntariness of his plea, the Magistrate Judge concludes that he has failed to state a cognizable claim for habeas relief.

Under the relevant statute:

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added).  Here, thirty-two days have elapsed since the R&R was issued, and Paige has filed neither an objection nor a request for an extension to file objections.

The failure to timely file written objections to a Magistrate Judge's report and recommended decision constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-2-

The Court has reviewed the Magistrate Judge's thorough and well-written R&R (**ECF No. 7**) and hereby **ADOPTS** it.  Accordingly, the underlying petition for writ of habeas corpus (**ECF No. 1**) is **DENIED**.

IT IS SO ORDERED.


*/s/Dan Aaron Polster     March 24, 2008*
**Dan Aaron Polster**
**United States District Judge**